# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTH DISTIRCT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| STEPHANIE ARMSTEAD, ) | |
| ) | |
|     PLAINTIFF, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | |
| HAVEN DEVELOPMENTAL ) | |
| CARE, INC., ) | |
| CAROL TRIM BAGOT, ) | |
| ) | JURY TRIAL REQUESTED |
|     DEFENDANTS. ) | |
| _____) | |

## **COMPLAINT**

NOW COMES Plaintiff, Stephanie Armstead, and hereby files this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA"), seeking payment for unpaid wages, overtime wages, liquidated damages, actual damages, compensatory damages, for Defendants' violation of the FLSA. Plaintiff further seeks reasonable attorneys' fees, costs and interest pursuant to 29 U.S.C. §216(b). Plaintiff states the following as her Complaint in this matter:

## I.   JURISDICTION AND VENUE

1.

Jurisdiction is conferred upon this Court by 29 U.S.C. §§216(b), 215(a)(3) of the Fair Labor Standards Act, by 29 U.S.C. §1331, this action arising under the laws of the United States, and by 28 U.S.C. §1337, this action arising under an act of Congress regulating commerce.

2.

Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

3.

Based upon Plaintiff's information and belief, Defendant, Haven Developmental Care, Inc. ("Haven"), is a domestic Corporation organized and existing under the State laws of Georgia, with a principal place of business of 4794 Michael Jay Street, Snellville, Georgia, 30039.

4.

Service of process for Haven can be effectuated through its registered agent, Carol Trim Bagot, 4794 Michael Jay Street, Gwinnett, Snellville, Georgia, 30039.

5.

Based upon Plaintiff's information and belief, Defendant, Carol Trim Bagot ("Bagot"), is an adult resident citizen of Gwinnett County, Georgia.

6.

The cause of action set forth in this Complaint arose within this jurisdiction.

## II. PARTIES

7.

Plaintiff, Stephanie Armstead, is an adult resident citizen of DeKalb County, Georgia.

8.

At all times relevant to this Complaint, Plaintiff was a "covered employee" as defined by 29 U.S.C. §203(e)(1).

9.

At all times relevant, Defendants employed the Plaintiff to perform labor for their benefit in this District, and Defendants made employment and compensation related decisions regarding the Plaintiff within this District.

10.

At all times relevant hereto, Plaintiff suffered and/or was permitted to work for the benefit of the Defendants.

11.

Defendant Haven's lists its principal office address as 4794 Michael Jay Street, Snellville, Georgia, 30039. Upon information and belief, Defendant Haven

is a domestic Corporation conducting business within the State of Georgia and within this district.

12.

Defendant Bagot is a resident of Gwinnett County, Georgia.

13.

Defendants describe its business as providing community living arrangement for individuals diagnosed with intellectual and developmental disabilities.

14.

The Defendants are engaged in interstate commerce for purposes of the FLSA.

15.

Upon information and belief, Defendants' gross revenue is in excess of $500,000 per year.

16.

Defendants directed Plaintiff to individually engage in interstate commerce.

17.

Plaintiff, as part of her job duties, regularly engaged in interstate commerce.

18.

Defendants are employers within the meaning of 29 U.S.C. §203(d) and are not exempt from the FLSA.

### III. FACTUAL ALLEGATIONS

19.

Plaintiff is an adult resident of the State of Georgia. Plaintiff was employed by the Defendants from in or around April 2014 to May 2015 and then again from in or around March 2016 to May 2016.

20.

Plaintiff was compensated on an hourly basis by the Defendants during times relevant.

21.

As an hourly employee, Plaintiff was entitled to full pay for each hour worked and overtime for any time worked over forty (40) hours per week.

22.

Plaintiff was employed in a position that involved interstate commerce as defined by the FLSA and/or employed in an enterprise that engaged in interstate commerce.

23.

Upon information and belief, Defendants classified Plaintiff as an independent contractor, compensating her on an hourly basis.

24.

Plaintiff was compensated on a daily rate basis of $100 per day for 2014 to 2015 and then $110 per day for 2016, regardless of the number of hours worked.

25.

Plaintiff was employed as Direct Support Staff during times relevant.

26.

As Direct Support Staff, Plaintiff's job function was to provide companionship services and fellowship and protection services for persons with disabilities, who require assistance in caring for themselves.

27.

When Plaintiff was first employed by the Defendants in 2014, she was assigned to a home with one individual and was the only employee working twelve (12) days on and two (2) days off, twenty-four (24) hours a day.

28.

In or around March 20, 2016, Plaintiff was assigned to a group household where she cared for three (3) children with mental disabilities. During that time,

Plaintiff was required to work differing shifts that ranged from day shifts to overnight shifts.

29.

Defendants required Plaintiff to submit the hours suffered by utilizing a manual time card.

30.

Plaintiff routinely worked in excess of forty (40) hours per week and reported these hours to the Defendants.

31.

Despite reporting the hours to the Defendants, the Defendants failed to fully and adequately compensate Plaintiff for all hours suffered.

32.

The Defendants knowingly and willfully failed to compensate Plaintiff by failing fully compensate her for her straight time wages as well as her overtime wages for hours worked in excess of forty (40) hours.

33.

Defendants have willfully failed to comply with the overtime provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiff for the straight

time rate and the premium overtime rate for all hours suffered, including those hours suffered over forty (40) hours.

34.

Defendants have willfully failed to comply with the provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiffs, and others similarly situated for all hours worked.

35.

Defendants have failed to keep accurate time records for the Plaintiff in conformity with the FLSA.

36.

Defendants failed to properly post the Department of Labor wage and hour notices in conspicuous places as required by 29 C.F.R. §516.4.

37.

Defendants knowingly, intentionally, willfully and recklessly failed to pay the Plaintiff in conformity with the requirements of the FLSA.

38.

Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have had a uniform policy and practice of consistently

failing or refusing to fully compensate its employees for all time worked, including not receiving the straight time wages and overtime premium wages.

39.

29 C.F.R. 785.10 to 785.45 provides that workers providing services to the disable and the elderly and other domestic service workers, including live-in domestic service employees (aside from those limited to an individual, family, or household) providing companionship services are not exempt from the overtime provision of the FLSA.

40.

For at least three (3) years, Defendants have been aware of the requirements of the FLSA, the Department of Labor's regulations, and their own violations of the FLSA. Despite this knowledge, Defendants failed to pay Plaintiff the amount of pay as required by law.

41.

Upon information and belief, Defendants have negligently, intentionally and repeatedly created a manipulated time record to reflect its employees were working less hours then actually worked, including but not limited to misclassifying the employees as exempt and as independent contractors.

42.

As a result of these actions, Defendants fraudulently concealed the true hours worked by its employees and the applicable statute of limitations is tolled for as long as Defendants engaged or engages in the fraudulent and misleading conduct set forth above, which is a period of at least seven (7) years. Defendants are estopped from raising such statute of limitations as a bar to full recovery.

43.

As a result of the Defendants' violation of the FLSA, Plaintiff has suffered damages by failing to receive compensation due in accordance with the FLSA.

44.

Plaintiff is entitled to the amount of unpaid wages and is also entitled to recover an additional equal amount as liquidated damages pursuant to the FLSA and prejudgment interest.

45.

Defendants have not made a good faith effort to comply with the FLSA.

46.

Plaintiff is entitled to an award of attorneys' fees under the FLSA.

## IV. COUNT ONE: CLAIMS FOR VIOLATIONS OF THE FLSA - FAILURE TO PAY STRAIGHT AND OVERTIME WAGES

47.

Plaintiff incorporate by reference paragraphs 1 – 46 as if full set forth herein.

48.

Plaintiff as non-exempt employees of Defendants was entitled to be paid straight time for all hours worked and overtime for each hour worked in excess of forty (40) hours per week.

49.

The Defendants have willfully failed to compensate Plaintiff for all hours suffered including both the straight time hours and overtime hours worked during her employment.

50.

Defendants, by such failure, have willfully violated the wage and overtime provisions of the FLSA.

51.

Defendants have failed to keep adequate records of all time worked by the Plaintiff.

52.

Defendants, by such failure, have willfully violated the provisions of the FLSA.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A.  Payment of all wages Plaintiff should have received under the FLSA, but for Defendants' willful violation;

B.  Payment of an equal amount of liquidated damages and interest pursuant to the FLSA;

C.  Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D.  All reasonable costs and attorneys' fees pursuant to the FLSA.

Respectfully submitted, this 22nd day of June, 2016.

*Attorneys for Plaintiff*

**THE VAUGHN LAW FIRM, LLC**

/s/ Christopher D. Vaughn_____
Christopher D. Vaughn, Esq.
Georgia Bar No. 726226
Frank DeMelfi, Esq.
Georgia Bar No. 320128
A. Brian Henson, Esq.
Georgia Bar No. 747269

246 Sycamore Street Suite 150
Decatur, Georgia 30030
phone: 404-378-1290
facsimile: 404-378-1295