# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTH DISTIRCT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| STEPHANIE ARMSTEAD, | ) | |
| PAULETTE ROBINSON- | ) | |
| MORRISON | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | 1:16-cv-02151-SCJ |
| HAVEN DEVELOPMENTAL | ) | |
| CARE, INC., | ) | |
| CAROL TRIM BAGOT, | ) | |
| | ) | JURY TRIAL REQUESTED |
| DEFENDANTS. | ) | |
| _____ | ) | |

## AMENDED COLLECTIVE ACTION COMPLAINT COMPLAINT

NOW COMES Plaintiffs, Stephanie Armstead, and Paulette Robinson-Morrison, hereby files this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA"), seeking payment for unpaid wages, overtime wages, liquidated damages, actual damages, compensatory damages, for Defendants' violation of the FLSA.  Plaintiffs further seeks reasonable attorneys' fees, costs and interest pursuant to 29 U.S.C. §216(b). Plaintiffs states the following as their Collective Action Complaint in this matter:

## I.  JURISDICTION AND VENUE

### 1.

Jurisdiction is conferred upon this Court by 29 U.S.C. §§216(b), 215(a)(3) of the Fair Labor Standards Act, by 29 U.S.C. §1331, this action arising under the laws of the United States, and by 28 U.S.C. §1337, this action arising under an act of Congress regulating commerce.

### 2.

Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

### 3.

Based upon Plaintiffs' information and belief, Defendant, Haven Developmental Care, Inc. ("Haven"), is a domestic Corporation organized and existing under the State laws of Georgia, with a principal place of business of 4794 Michael Jay Street, Snellville, Georgia, 30039.

### 4.

Service of process for Haven can be effectuated through its registered agent, Carol Trim Bagot, 4794 Michael Jay Street, Gwinnett, Snellville, Georgia, 30039.

### 5.

Based upon Plaintiffs' information and belief, Defendant, Carol Trim Bagot ("Bagot"), is an adult resident citizen of Gwinnett County, Georgia.

6.

Bagot is a person who acted directly or indirectly in the interest of an employer in relation to the Plaintiffs as defined by 29 U.S.C. 203(d). Specifically, Bagot made employment and compensation decisions related for the Plaintiffs and other Defendants to this action.

7.

The cause of action set forth in this Complaint arose within this jurisdiction.

## II.    PARTIES

8.

Plaintiff, Stephanie Armstead, ("Armstead") is an adult resident citizen of DeKalb County, Georgia.

9.

Plaintiff, Paulette Robinson-Morrison, ("Robinson-Morrison") is an adult resident of DeKalb County, Georgia.

10.

At all times relevant to this Complaint, Plaintiffs were a "covered employee" as defined by 29 U.S.C. §203(e)(1).

11.

At all times relevant, Defendants employed the Plaintiffs to perform labor for their benefit in this District, and Defendants made employment and compensation related decisions regarding the Plaintiffs and other similarly situated employees within this District.

12.

At all times relevant hereto, Plaintiffs and other similarly situated employees suffered and/or were permitted to work for the benefit of the Defendants.

13.

Defendant Haven's lists its principal office address as 4794 Michael Jay Street, Snellville, Georgia, 30039.  Upon information and belief, Defendant Haven is a domestic Corporation conducting business within the State of Georgia and within this district.

14.

Defendant Bagot is a resident of Gwinnett County, Georgia.

15.

Defendants describe the business as providing community living arrangement for individuals diagnosed with intellectual and developmental disabilities.

16.

Bagot is an adult resident citizen of Gwinnett County, Georgia, and based upon information and belief is a corporate officer of Haven. At all times relevant to this Complaint, Bagot served as a supervisor, managing the day-to-day operation of the business, has responsibility for the supervision of the employees, has hiring and firing authority, makes compensation decision, and sets and enforces compensation and related policies for Haven.

17.

The Defendants are engaged in interstate commerce for purposes of the FLSA.

18.

Upon information and belief, Defendants' gross revenue is in excess of $500,000 per year.

19.

Defendants directed Plaintiffs and directed its other similarly situated employees to individually engage in interstate commerce.

20.

Plaintiffs, as part of their job duties, regularly engaged in interstate commerce.

21.

Defendants are employers within the meaning of 29 U.S.C. §203(d) and are not exempt from the FLSA.

## III.    FACTUAL ALLEGATIONS

22.

Plaintiff Armstead is an adult resident of the State of Georgia.  Plaintiff was employed by the Defendants from in or around April 2014 to May 2015 and then again from in or around March 2016 to May 2016.

23.

Plaintiff Robinson-Morrison is an adult resident of the State of Georgia. Plaintiff was employed by the Defendants from in or around June 2015 to February 2016.

24.

Plaintiffs and other similarly situated employees were compensated on an hourly basis by the Defendants.  As an hourly employee, Plaintiffs and other similarly situated employees were entitled to full pay for each hour worked and overtime for any time worked over forty (40) hours per week.

25.

Plaintiffs was employed in a position that involved interstate commerce as defined by the FLSA and/or employed in an enterprise that engaged in interstate commerce.

26.

Upon information and belief, Defendants classified Plaintiffs and other similarly situated employees as hourly nonexempt employees, compensating them on an hourly basis.

27.

The Defendants determined which employees were classified as nonexempt hourly employees and which employees were classified as exempt hourly employees.

28.

The Defendants set the compensation policies for all employees, which governed the manner in which employees were compensated, including timekeeping policies, the method of overtime compensation, *etc*.

29.

Bagot enforced Haven's policies related to the compensation of the Plaintiffs and all similarly situated employees, which resulted in failure to fully and adequately compensate all hourly employees pursuant to the FLSA.

30.

Plaintiff Armstead was compensated on a daily rate basis of $100 per day for 2014 to 2015 and then $110 per day for 2016, regardless of the number of hours worked.

31.

Plaintiff, Robinson-Morrison, was compensated on a daily rate basis of $220 per day for weekend overnight shifts regardless of the number of hours worked, and $12 per hour during the week.

32.

Plaintiffs were employed as Direct Support Staff during times relevant.

33.

As Direct Support Staff, Plaintiffs job function was to provide companionship services and fellowship and protection services for persons with disabilities, who require assistance in caring for themselves.

34.

When Plaintiff Armstead was first employed by the Defendants in 2014, she was assigned to a home with one individual and was the only employee working twelve (12) days on and two (2) days off, twenty-four (24) hours a day.

35.

In or around March 20, 2016, Plaintiff Armstead was assigned to a group household where she cared for three (3) children with mental disabilities. During that time, Plaintiff Armstead was required to work differing shifts that ranged from day shifts to overnight shifts.

36.

On or about June, 2015 Plaintiff Robinson-Morrison was assigned to a group household where she cared for children with mental disabilities. During that time, Plaintiff Robinson-Morrison was required to work differing shifts that ranged from day shifts to overnight shifts.

37.

Defendants required Plaintiffs to submit the hours suffered by utilizing a manual time card.

38.

Plaintiffs routinely worked in excess of forty (40) hours per week and reported these hours to the Defendants.

39.

Despite reporting the hours to the Defendants, the Defendants failed to fully and adequately compensate Plaintiffs for all hours suffered.

40.

The Defendants knowingly and willfully failed to compensate Plaintiffs by failing fully compensate her for her straight time wages as well as her overtime wages for hours worked in excess of forty (40) hours.

41.

Defendants have willfully failed to comply with the overtime provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiffs for the straight time rate and the premium overtime rate for all hours suffered, including those hours suffered over forty (40) hours.

42.

Defendants have willfully failed to comply with the provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiffs, and others similarly situated for all hours worked.

43.

Defendants have willfully failed to comply with the minimum wage provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiffs, and others similarly situated for all hours worked.

44.

Defendants have failed to keep accurate time records for the Plaintiffs in conformity with the FLSA.

45.

Defendants failed to properly post the Department of Labor wage and hour notices in conspicuous places as required by 29 C.F.R. §516.4.

46.

Defendants knowingly, intentionally, willfully and recklessly failed to pay the Plaintiff in conformity with the requirements of the FLSA.

47.

Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have had a uniform policy and practice of consistently failing or refusing to fully compensate its employees for all time worked, including not receiving the straight time wages and overtime premium wages.

48.

29 C.F.R. 785.10 to 785.45 provides that workers providing services to the disable and the elderly and other domestic service workers, including live-in domestic service employees (aside from those limited to an individual, family, or household) providing companionship services are not exempt from the overtime provision of the FLSA.

49.

This action is brought to recover unpaid compensation, in the form of wages, for hourly employees who performed work involving interstate commerce and/or work for an enterprise engaged in interstate commerce without being paid for it, failure to pay daily minimums, and/or without being paid the premium for hours worked in excess of forty (40) per week.

50.

Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have had a uniform policy and practice of consistently failing or refusing to fully compensate its employees for all time worked, including not receiving the minimum wage, straight time wages, and overtime premium.

51.

For at least three (3) years, Defendants have been aware of the requirements of the FLSA, the Department of Labor's regulations, and their own violations of the FLSA. Despite this knowledge, Defendants failed to pay Plaintiffs the amount of pay as required by law.

52.

Upon information and belief, Defendants have negligently, intentionally and repeatedly created a manipulated time record to reflect its employees were working less hours then actually worked, including but not limited to misclassifying the employees as exempt and as independent contractors.

53.

As a result of these actions, Defendants fraudulently concealed the true hours worked by its employees and the applicable statute of limitations is tolled for as long as Defendants engaged or engages in the fraudulent and misleading conduct set forth above, which is a period of at least seven (7) years. Defendants are estopped from raising such statute of limitations as a bar to full recovery.

54.

As a result of the Defendants' violation of the FLSA, Plaintiffs, as well as other similarly situated employees, have suffered damages by failing to receive compensation due in accordance with the FLSA.

55.

Plaintiffs are entitled to the amount of unpaid wages and is also entitled to recover an additional equal amount as liquidated damages pursuant to the FLSA and prejudgment interest.

55.

Defendants have not made a good faith effort to comply with the FLSA.

56.

Plaintiff is entitled to an award of attorneys' fees under the FLSA.

57.

There are numerous similarly situated hourly employees and former hourly employees of Defendants who have been improperly compensated in violation of the FLSA, and would likewise benefit from the issuance of Court supervised notice of this case as well as an opportunity to join the present case.

58.

Upon information and belief, there are numerous similarly situated current and former employees of the Defendants who were not compensated for all hours worked, were not paid the overtime premium for those hours in excess of forty (40) per week, were not paid at least the minimum wage, and who had excessive tip credits taken as set forth in this Complaint.

59.

The similarly situated employees are known to Defendants and are readily identifiable from the Defendants' employee records.

60.

There exists a common question of law and fact with regard to Plaintiffs and all similarly situated current and former employees.  Those issues include but are not limited to:

    a.    Whether the Defendants failed to pay overtime wages to its employees when working more than forty (40) hours in a week;

    b.    Whether the Defendants failed to pay regular wages to its employees when working more that forty (40) hours in a week; and

    c.    Whether the Plaintiffs were independent contractors

**IV.   COUNT ONE: COLLECTIVE ACTION CLAIMS FOR VIOLATIONS OF THE FLSA - FAILURE TO PAY STRAIGHT AND OVERTIME WAGES**

61.

Plaintiffs incorporate by reference paragraphs 1 – 60 as if full set forth herein.

62.

Defendants have misclassified Plaintiffs and similarly situated employees as independent contractors, when Plaintiffs and similarly situated employees were actually employees.

63.

Plaintiffs and similarly situated employees as non-exempt employees of Defendants was entitled to be paid straight time for all hours worked and overtime for each hour worked in excess of forty (40) hours per week.

64.

The Defendants have willfully failed to compensate Plaintiffs and similarly situated employees for all hours suffered including both the straight time hours and overtime hours worked during her employment.

65.

Defendants, by such failure, have willfully violated the wage and overtime provisions of the FLSA.

66.

Defendants have failed to keep adequate records of all time worked by the Plaintiff.

67.

Defendants, by such failure, have willfully violated the provisions of the FLSA.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A.   Payment of all wages Plaintiff should have received under the FLSA, but for Defendants' willful violation;

B.   Payment of an equal amount of liquidated damages and interest pursuant to the FLSA;

C.   Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D.   All reasonable costs and attorneys' fees pursuant to the FLSA.

## V.   COUNT   TWO:      PRAYER   FOR   COLLECTIVE   ACTION PURSUANT TO 29 U.S.C. §216(B).

### 68.

Plaintiffs incorporate by reference paragraphs 1 – 67 as if fully set forth herein.

### 69.

Plaintiffs bring this action for violations of the FLSA as a collective action pursuant to 29 U.S.C. §216(b), on behalf of themselves and all present and former non-exempt employees of the Defendants, who worked within the three (3) years prior to the filing of this complaint.

### 70.

Plaintiffs, and those employees similarly situated, work at a number of locations within the metropolitan Atlanta area, but are subjected to the same unlawful and willful wage policies and practice that are the subject of this complaint.

### 71.

Plaintiffs and all those employees similarly situated have substantially similar job duties, similar pay provisions, are all subjected to similar managerial oversight, and are all subject to the same widespread pattern and practice of unlawful wage policies and procedures.

72.

Upon information and belief, there are numerous similarly situated current and former employees of the Defendants who were not compensated for all hours worked, and were not paid the overtime premium for those hours in excess of forty (40) per week.

73.

The similarly situated employees are known to Defendants and are readily identifiable from the Defendants' employee records.

74.

There exists a common question of law and fact with regard to Plaintiffs and all similarly situated current and former employees.  Those issues include but are not limited to:

a.    Whether the Defendants failed to pay overtime wages to its employees when working more than forty (40) hours in a week.

b.    Whether the Defendants failed to pay regular wages to its employees when working more that forty (40) hours in a week; and

c.    Whether the Defendants misclassified Plaintiffs as independent contractors.

WHEREFORE Plaintiffs, individually and on behalf of all other similarly situated persons, in accordance with 29 U.S.C. §216(b), pray for the following relief:

A.  At the earliest time, Plaintiffs be allowed to give notice, or that the Court issue such Notice to all Defendants' hourly employees in all locations during the three (3) years preceding the filing of this action, to all potential Plaintiffs who may be similarly situated informing them of this action, the nature of this action, and inform them of their right to opt-in to this lawsuit if the employee or former employee worked overtime but was not paid in accordance with the FLSA;

B.  Plaintiffs, and all other potential Plaintiffs, be awarded damages in the amount of each Plaintiffs' respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to the FLSA;

C.  Plaintiffs' and all other potential plaintiffs' reasonable attorneys fees, costs and expenses; and

D.  Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

Respectfully submitted, this 12th day of July, 2016.

*Attorneys for Plaintiff*

**THE VAUGHN LAW FIRM, LLC**

/s/ Christopher D. Vaughn_____
Christopher D. Vaughn, Esq.
Georgia Bar No. 726226
Frank DeMelfi, Esq.
Georgia Bar No. 320128
A. Brian Henson, Esq.
Georgia Bar No. 747269

246 Sycamore Street Suite 150
Decatur, Georgia 30030
phone: 404-378-1290
facsimile: 404-378-1295